## THIRD DEPARTMENT, APRIL, 1966

### (April 6, 1966)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LACY, Appellant.— *Per Curiam.* Appeal from judgment convicting the defendant of murder in the first degree. Upon the present record, reversal and dismissal might be warranted but in view of the evident misunderstanding by all parties and by the court of the procedures and the parties' rights under, and the form and nature of the decision required by the *Huntley* type hearing insofar as it was held to determine whether defendant's alleged waiver of his right to counsel was voluntary and informed and competently and intelligently made, it seems preferable to remand for a further hearing (cf. *People* v. *Lee,* 308 N Y 2d 302, 305; see, also, *People* v. *Guidarelli,* 22 A D 2d 336). At the hearing it may be possible to develop the record more fully, as respects time factors and otherwise, including rebuttal of the thus far uncontradicted evidence of defendant's mental retardation. As of the time that an attorney sought defendant by inquiry at the central police station, any confession became tainted and incompetent and could only be saved by an informed, intelligent and voluntary waiver. (See *People* v. *Gunner,* 15 N Y 2d 226; *People* v. *Ressler,* 17 N Y 2d 174.) It should be further noted that the defendant, if so advised, may take the stand and testify as to his request for counsel at the time of the arrest and as to all facts relevant to the proceedings in the Grand Jury room leading to and including the signing of the alleged confession and waiver and by so testifying, the defendant does not subject himself " to cross-examination upon the merits " as understood at the former hearing. He is, of course, on the *voir dire* hearing if he does take the stand, subject to cross-examination as to any of his testimony concerned with the issue of counsel and the understanding and intelligent waiver thereof. Upon the conclusion of the hearing the determination by the Trial Judge must be in terms of reasonable doubt and should not, as upon the prior hearing, be expressed " as a matter of law ". These comments are not for the purpose of limiting the hearing but from the present record are observations which we deem may be helpful to all parties in the conduct of the new hearing. Determination of appeal withheld and case remitted to the County Court of Rensselaer County for further proceedings in accordance with the direction herein.— Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.